## Hovey *v.* Bartlett.

The interest of the mortgagor in possession of the land mortgaged will pass by the extent thereon of an execution against him upon an appraisal of the land at its full value, irrespective of the mortgage.

Writ of Entry, to recover possession of a tract of land in Milan, being part of lot No. 2, in the 5th range and 1st division of lots in said town.

Plea, *nul disseizin.*

The case is submitted to the court upon an agreed statement of facts, as follows:

One Leonard Johnson, being seized of said lot No. 2, conveyed the same to the tenant by deed of warranty, dated the 30th of May, 1848, recorded the 9th of May, 1849.

On the 30th of May, 1848, the tenant executed a mortgage of the lot to Moses Hodgdon, which was recorded on the 1st of May, 1849.

On the 17th of July, 1849, the tenant executed a mortgage of the lot to John Mathes, which was recorded on the 19th of said July.

On the 18th of July, 1849, said Hodgdon executed a quitclaim

deed of the lot to the tenant, which was recorded on said 19th of July.

On the 25th of November, 1848, the defendant sued out a writ of attachment against the tenant, returnable at the May term, 1849, of the Court of Common Pleas for this county, on which all of the tenant's real estate in said Milan was attached, the return of the attachment being under date of the 16th of December, 1848, and judgment was rendered for the plaintiff in said action at the November term, 1849, of said court, and execution issued thereon, upon which the demanded premises were set off in satisfaction of the judgment. By the return of the officer upon the execution it appears that on the 14th of December, 1849, being within thirty days after the rendition of said judgment, one Ezra Horne was sworn as an appraiser, and on the 4th of May, 1850, two other appraisers were sworn, and under said date last mentioned, 4th of May, 1850, the officer returns that he caused the three appraisers to be appointed, and then extended the execution upon the demanded premises.

*Whidden*, for the plaintiff, contended that the return of the officer upon the execution of the appointment of the appraisers, under date of May 4th, 1850, was not inconsistent with the appointment of Horne on the 14th of December, 1849, and that it appearing from the return that he was sworn as appraiser on the 14th of December, 1849, it must be considered that he was then appointed, and cited *Cogswell* v. *Mason*, 9 N. H. 48.

*Haywood*, for the defendant, argued that as the statute required both the appointment and swearing of an appraiser within the thirty days, in order to preserve the attachment, it was lost without a distinct statement of both, under a date within the thirty days; that the attachment was consequently lost, and the extent being under date of the 4th of May, 1850, was commenced while the premises were subject to the mortgages, and the proceedings should have been by a sale of the equity of redemption instead of an extent by appraisal.

SAWYER, J. At the time of the attachment of the demanded premises by the plaintiff, on the 16th of December, 1848, the defendant was in possession of them under his deed from Leonard Johnson. The action in which the attachment was made was duly entered and remained pending in court until the November term, 1849, when judgment was recovered by the plaintiff, and execution issued thereon. At the time of the attachment the premises were under a mortgage given by the defendant to Hodgdon; but this mortgage could not have been set up against the attachment, as it was not recorded until the 1st of May following the attachment in December. This mortgage was also released by the quitclaim deed of Hodgdon to the defendant, on the 18th of July, 1849, prior to the rendition of the judgment in the suit in which the attachment was made. The other mortgage from the defendant to John Mathes was given while the premises were under the plaintiff's attachment, and of course could not prevail against the attachment, unless that were lost before the levy of the execution.

It is claimed by the defendant that such is the fact, by reason of the plaintiff's failing to levy the execution within thirty days after the rendition of his judgment. It appears from the return of the officer making the extent that an appraiser was sworn within the thirty days, but in the return the appointment of the appraiser is stated to have been made under a date subsequent.

By sec. 5 of chap. 195 of the Revised Statutes it is provided that a levy, commenced by the appointment and swearing of an appraiser, may be completed before the return day of the execution; and it is contended by the defendant that the levy cannot be considered as commenced so as to preserve the lien under the attachment, unless the return upon the execution shows both an appointment and swearing under a date within the thirty days. It is unnecessary, however, to consider in this case whether a return by the officer of the swearing of an appraiser within the thirty days, implies an appointment at the time of swearing; because, upon the supposition that the lien under the attachment was lost, the extent of the execution upon the demanded prem-

ises given to the demandant a sufficient title to maintain this action against the defendant, he being the execution debtor, although they were at the time of the extent under the prior encumbrances of the mortgage to Mathes. The appraisal was made at the full value of the land, irrespective of the mortgage, without deduction or abatement on account of the encumbrance, and the extent was in all respects as though the land was free from the mortgage. Of this certainly the debtor cannot complain, as he has the full value of the land applied to the extingulshment of his debt. This may have been done because the creditor supposed his attachment lien to be preserved, and that, being the prior lien, would give him the right to levy upon the land by extent, and hold it as against the mortgage, or the creditor may have claimed that the mortgage debt had been paid, or the mortgage otherwise discharged, or that it was fraudulent and void in its inception, and by the extent intend to place himself in the situation to contest its validity with the mortgagee himself. However this may be, it is well understood in this State that the creditor may extend his execution upon the land of his debtor, which is under a mortgage, by an appraisal of the full value of the estate, regardless of the mortgage ; and by such extent the interest of the debtor in the land will be transferred to the creditor, and he become thereby entitled to the possession of the land as against the debtor, whatever superior right the mortgagee may have. In a suit by the creditor against him for the possession, he cannot set up the mortgage title as a defence. As against him, the creditor is entitled to the possession, and when he has recovered it in a suit between them, the conflicting claims of the creditor and mortgagee are to be determined in a suit between them. Upon this view of the case the plaintiff is entitled to judgment.